## DICKMAN v STATE OF FLORIDA

Case No. 87-053 AC (County Court Case No. 52136BF)

Eleventh Judicial Circuit, Appellate Division, Dade County

December 14, 1987

### APPEARANCES OF COUNSEL

**Karen L. Bzdyk** for appellant.

**Robert A. Butterworth,** Attorney General, for appellee.

Before NADLER, FEDER, SHAPIRO, JJ.

# OPINION OF THE COURT

NADLER, J.M., Judge.

On March 2, 1986, the Defendant (Appellant herein) was driving a "dark blue Mercedes" on Highway 878. A State Trooper operating a radar unit was hidden on the northbound shoulder of an entrance ramp. A second, pursuing trooper was stationed on the southbound shoulder of the same ramp. The radar trooper picked out a "light colored Mercedes" which was speeding, clocked it, and advised the pursuing trooper of the speed. Appellant was apprehended, cited for a traffic violation, and found guilty on the basis of the radar clocking.

The question on appeal is the admissibility of the radar clocking evidence, which was the basis of the conviction.

Radar clocking evidence is admissible if the radar trooper: writes the citation, makes a clear assignment of speed to a single vehicle, and makes an independent visual determination that the vehicle is speeding. Fla. Stat. Sec. 316.1906(2)(b) and (c) (1986).

In this instance, the radar trooper did not write the citation and failed to make an independent visual determination that Appellant's vehicle was speeding. The pursuing trooper had no personal knowledge of the radar clocking.

The statute (supra) not having been complied with, we find the evidence inadmissible and therefore reverse the Lower Court and direct that the Defendant (Appellant) be discharged.